UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:11-CR-0054-GFVT-HAI-12 |
| | ) | |
| V. | ) | |
| | ) | |
| BRYAN H. MCQUEEN, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 654.] Defendant Bryan McQueen has been charged with two violations of his supervised release for submitting a urine sample to the United States Probation Office that tested positive for methamphetamine. *Id.* at 2.

Mr. McQueen was sentenced to fifty-one months of imprisonment for one count of conspiracy to distribute a quantity of pills containing oxycodone. [R. 429 at 1–3.] This sentenced was later reduced to forty-two months, pursuant to 18 U.S.C. § 2583(c)(2). [R. 550.] He began his three-year term of supervised release on October 30, 2015. [R. 654 at 1.] On February 24, 2016, Mr. McQueen admitted to the Probation Office he had used methamphetamine, but the Probation Office requested no action be taken against him. [R. 570.] The Court approved this request. However, on September 6, 2016, Mr. McQueen again stipulated to using methamphetamine. [R. 589.] This Court revoked his supervised release, sentencing him to twelve months incarceration followed by another three-year term of supervised release. [R. 593 at 2–3.] On September 13, 2017, Mr. McQueen began his second supervised release. [R. 654 at 2.] He admitted again to using methamphetamine on October 23, 2017, but,

again, the Probation Office recommended no action. [R. 645.] This Court approved this request, and Mr. McQueen continued his supervised release. *Id.*

A week later, on October 31, 2017, Mr. McQueen submitted a urine sample to the Probation Office, which tested positive for methamphetamine. [R. 648.] He was arrested on January 1, 2018, and charged with two violations of his supervised release. [R. 651.] Violation #1, a Grade C Violation, alleges Mr. McQueen violated Special Condition #7 prohibiting him from purchasing, possessing, using, distributing, or administering any controlled substance or paraphernalia related to a controlled substance, except as prescribed by a physician. Violation #2 alleges Mr. McQueen violated his supervised release by committing a federal, state, or local crime, namely, the possession of methamphetamine. This is a violation of 21 U.S.C. § 844(a), a Class E Felony and a Grade B Violation.

At his initial appearance on January 2, 2018, the Government moved for interim detention and Mr. McQueen did not object. [R. 652.] He was remanded to custody of the United States Marshal Service. *Id.* On January 10, 2018, at his final hearing, Mr. McQueen entered a knowing, voluntary, and intelligent stipulation to Violation #1 and Violation #2. [R. 653.] However, the parties did not agree to the sentence. [R. 654 at 3.] Mr. McQueen requested eight months incarceration, followed by one year of an inpatient drug treatment program and a few months of supervised release, or in the alternative, eight months incarceration followed by ninety days of an inpatient drug treatment program and a longer term of supervised release. *Id.* The Government requested revocation plus eighteen months incarceration. *Id.* Subsequently, Judge Ingram prepared a Report and Recommendation which evaluates the relevant 18 U.S.C. § 3553 factors.

With Mr. McQueen's criminal history category of III and a Grade B violation, Judge

Ingram calculated his Guidelines Range to be eight to fourteen months of imprisonment. *Id.* at 4. The Government's proposed sentence was above this Range, emphasizing Mr. McQueen's multiple violations since his initial release. *Id.* Counsel for Mr. McQueen underlined his severe drug addiction that has led to these violations, requesting the Court focus on rehabilitation rather than lengthy incarceration. *Id.* at 5.

Judge Ingram noted initially that 18 U.S.C. § 3583(g)(1) mandates revocation of Mr. McQueen's supervised release because he was in possession of methamphetamine. *Id.* at 5–6; *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). Based on his original conviction and subsequent violations, Judge Ingram determined that his continued drug use poses a danger to society and creates a need to protect the public. *Id.* at 6. Further, each of these violations involved lying to his probation officer, a violation of trust imparted by the Court during supervised release. *Id.* at 7. Mr. McQueen's previous sentence of twelve months was insufficient to deter him from committing similar violations, and therefore, Judge Ingram determined any sentence below twelve months would be inappropriate. *Id.* Ultimately, Judge Ingram recommends an incarceration of fourteen months followed by twelve months of supervised release. *Id.* at 7–8. Because of his history of repeated drug-related violations, Judge Ingram also recommended he serve the first six months of his release at a halfway house.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time period by either party. Mr. McQueen filed notice that he had waived his right to allocution. [R. 655.]

Generally, this Court must make a *de novo* determination of those portions of the Report

and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 654**] as to Defendant Bryan H. McQueen is **ADOPTED** as and for the Opinion of the Court;

2. Mr. McQueen is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Mr. McQueen's Supervised Release is **REVOKED**;

4. Mr. McQueen is hereby sentenced to a term of incarceration of **fourteen (14) months**;

5. Upon completion of the term of incarceration, Mr. McQueen is hereby sentenced to a term of supervised release of **twelve (12) months** under the conditions outlined above;

6. Upon his release, Mr. McQueen **SHALL PARTICIPATE** in a six-month halfway house program selected by the United States Probation Office; and

7. Judgment shall enter promptly.

This the 6th day of February, 2018.

*Gregory F. Van Tatenhove*
United States District Judge