UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. 6:11-cr-0054-GFVT-HAI-12 |
| V. | ) | |
| BRYAN H. McQUEEN, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 683.] Defendant Bryan H. McQueen has been charged with three violations for tampering with his required substance abuse testing. *Id*. at 2–3.

Mr. McQueen was sentenced to fifty-one months of imprisonment for one count of conspiracy to distribute a quantity of pills containing oxycodone. [R. 429 at 1–3.] This sentenced was later reduced to forty-two months, pursuant to 18 U.S.C. § 2583(c)(2). [R. 550.] He began his three-year term of supervised release on October 30, 2015. [R. 654 at 1.] On February 24, 2016, Mr. McQueen admitted to the Probation Office he had used methamphetamine, but the Probation Office requested no action be taken against him. [R. 570.] The Court approved this request. However, on September 6, 2016, Mr. McQueen again stipulated to using methamphetamine. [R. 589.] This Court revoked his supervised release, sentencing him to twelve months incarceration followed by another three-year term of supervised release. [R. 593 at 2–3.] On September 13, 2017, Mr. McQueen began his second supervised release. [R. 654 at 2.] He admitted again to using methamphetamine on October 23, 2017, but, again, the Probation Office recommended no action. [R. 645.] This Court approved this request,

and Mr. McQueen continued his supervised release. *Id.* Then a week later, he submitted another urine sample that tested positive for methamphetamine. [R. 648.] On February 6, 2018, this Court found Mr. McQueen to have violated the terms of his Supervised Release. [R. 657.] The Court sentenced him to fourteen months of incarceration plus another twelve months of supervised release and required Mr. McQueen to participate in a six-month halfway house program. *Id.* In February 2019, Mr. McQueen was released from the custody of the Bureau of Prisons and he entered the Dismas Charities halfway house program in Lexington, Kentucky. [R. 683 at 2.]

According to the Supervised Release Violation Report (the Report) issued by the United States Probation Office (USPO) on May 18, 2019, the staff at Dismas Charities collected a urine sample from Mr. McQueen, which was determined to be "substituted" and "not consistent with normal human urine." *Id.* at 3. Then, on May 28, 2019, Dismas Charities notified USPO that while they had attempted to secure a urine specimen from Mr. McQueen, they found him to be in possession of a Visine bottle. For this conduct, the Report charges him with Violations #1 and #2 for violating the condition of supervised release which forbids Mr. McQueen "from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance abuse testing, which is required as a condition of release," Grade C violations. *Id.*

Next, as a result of this conduct, Mr. McQueen has been dismissed from Dismas Charities, prior to completion of the required six-month term. *Id.* Accordingly, the Report charges Mr. McQueen with Violation #3 for failure to complete this condition of his supervised release, another Grade C violation. *Id.*

After the Report was issued, USPO issued an Addendum to the Report. *Id.* According to

the Addendum, USPO traveled to Dismas Charities on May 31, 2019, for the purpose of arresting Mr. McQueen for violations of his supervised release. *Id*. at 3–4. Upon taking Mr. McQueen into custody, he was found to be in possession of heroin, a Schedule I controlled substance. *Id*. at 4. Possession of heroin is a violation of KRS § 218A.1415, a felony, and therefore, the Addendum charges Mr. McQueen with Violation #4, a Grade B violation. *Id*.

Upon his initial appearance before Magistrate Judge Hanly A. Ingram on June 4, 2019, the United States moved for interim detention, and Mr. McQueen did not argue for release. [R. 679.] Based on the heavy defense burden imposed by 18 U.S.C. §3143, Judge Ingram found detention appropriate. *Id*. Additionally, Mr. McQueen made a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. *Id*. At his final hearing on June 12, 2019, Mr. McQueen entered a knowing, voluntary, and intelligent stipulation to Violations #1, #2, and #4, while the Government moved to dismiss Violation #2 with prejudice. [R. 682.]

With Mr. McQueen's criminal history category of III and a Grade B violation,[1] Judge Ingram calculated his Guidelines Range to be eight to fourteen months. [R. 683 at 6.] Judge Ingram also noted that revocation was mandatory in this case, since he was in possession of a controlled substance. *Id*.; 18 U.S.C. § 3583(g)(1). Mr. McQueen's maximum penalty for a supervised release violation is two years of imprisonment, but there is no maximum term of supervised release. [R. 683 at 5–6.] The Government recommended revocation and an above-guidelines sentence of eighteen to twenty-four months, plus an additional year of supervision. *Id*. at 5. Mr. McQueen argued for eight months of incarceration, plus no additional supervision. *Id*.

---

[1] "Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

3

After consideration of the nature and circumstances of Mr. McQueen's conviction, as well as his history and characteristics, Judge Ingram ultimately recommends the Court revoke Mr. McQueen's supervised release and impose a term of fourteen months imprisonment, followed by no additional term of supervised release. [R. 683 at 9.] Judge Ingram noted that Mr. McQueen was originally convicted of a conspiracy to distribute oxycodone, but he had escalated to use of methamphetamine for his last violation and now was found in possession of heroin. *Id*. at 7. Mr. McQueen did not deny that he is an addict, but he has failed to take advantage of the Court's multiple attempts to help him. *Id*. Accordingly, Judge Ingram did not recommend any additional substance-abuse treatment. *Id*. at 8.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Instead, Mr. McQueen has filed a waiver of allocution. [R. 684.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 683**] as to Defendant Bryan H. McQueen is **ADOPTED** as and for the Opinion of the Court;

2. Mr. McQueen is found **GUILTY** of Violation #1, Violation #3, and Violation #4;

3. Upon the Government's motion Violation #2 is **DISMISSED WITH PREJUDICE**;

4. Mr. McQueen's Supervised Release is **REVOKED;**

5. Mr. McQueen is hereby sentenced to a term of incarceration of **fourteen (14) months**;

6. Upon completion of the term of incarceration, no additional term of supervision shall be imposed; and

7. Judgment shall enter promptly.

This the 2d day of July, 2019.

Gregory F. Van Tatenhove
United States District Judge